*Criollo-Duchitanga v. Bondi*

BIA
Drucker, IJ
A220 997 175/176/177

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

GUIDO TOMAS CRIOLLO-
DUCHITANGA, RUTH VERONICA
ZHINGRI-VELE, D.C-Z.,*
> *Petitioners,*

v.

23-7827
NAC

PAMELA BONDI, UNITED STATES

---

\* We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**ATTORNEY GENERAL,**
         *Respondent.*

_____

FOR PETITIONERS:            Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Karen L. Melnik, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Guido Tomas Criollo-Duchitanga, Ruth Veronica Zhingri-Vele, and their minor child, natives and citizens of Ecuador, seek review of an October 26, 2023 decision of the BIA, affirming a July 14, 2022 decision of an Immigration Judge ("IJ"), which denied Criollo-Duchitanga's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Criollo-Duchitanga*, Nos. A 220 997 175/176/177 (B.I.A. Oct. 26, 2023), *aff'g* Nos. A 220 997 175/176/177 (Immig. Ct. N.Y. City July 14, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).   We review the agency's factual findings for substantial evidence, and we review questions of law and the application of law to fact de novo.  *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."   *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). Here, the agency did not err in concluding that Criollo-Duchitanga did not meet his burden to establish that he was persecuted on account of his political opinion (support for the Participa Party) or his indigenous ethnicity because his statements were not persuasive or sufficiently corroborated.

To be sure, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the

3

trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C). On this record, the agency reasonably concluded that Criollo-Duchitanga's oral and written statements were not sufficiently persuasive. Notably, Criollo-Duchitanga's initial written statement omitted key details, such as his political activities for the Participa Party, that the reason for his harassment was the Pachakutik Party's electoral victory, that his assailants were armed, and that the police insulted him for being indigenous and told him he had no rights—all of which would have been relevant to his claim of persecution. *See Hong Fei Gao*, 891 F.3d at 78 (explaining that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose"). Moreover, he failed to clarify the circumstances of the alleged harassment that occurred within his workplace, including who was involved, whether the same people were responsible for each incident, how he knew his assailants were affiliated with the Pachakutik Party that had won the local election (aside from two men he recognized from the campaign), and whether other coworkers or members of the Participa Party were affected. Lastly, he failed to

4

explain why members of the Pachakutik Party—a party with a platform of supporting indigenous rights—would target him for being indigenous, or why he would be at risk from Pachakutik members in another area of Ecuador.

The IJ then found the documentary evidence insufficient to corroborate Criollo-Duchitanga's alleged persecution or the political situation he described. Criollo-Duchitanga has abandoned review of this finding because his brief includes only a conclusory assertion that the corroboration was sufficient and does not cite any record evidence. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (per curiam) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks and citation omitted)). Moreover, he does not address the BIA's finding that he failed to challenge the corroboration finding on appeal. *See id.*; *see also Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (per curiam) (holding that when the BIA finds an issue waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived").

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court